UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

**Honorable Judge Elizabeth E. Brown**

| | |
|---|---|
| In re:<br><br>**BALL FOUR, INC.**<br>*a Colorado Corporation*<br>EIN: 84-0992964,<br><br>**Debtor.** | Case No. 10-33952-EEB<br><br>Chapter 11 |

**OBJECTIONS OF FEDERAL DEPOSIT INSURANCE COPORATION, AS RECEIVER FOR FIRSTIER BANK TO THE ADEQUACY OF DEBTOR'S DISCLOSURE STATEMENT AND DEBTOTR'S PLAN OF REORGANIZATION DATED JANUARY 19, 2011**

COMES NOW, the Creditor, **FEDERAL DEPOSIT INSURANCE CORP.**, as Receiver for **FIRSTIER BANK ("FDIC")** by and through its attorneys, **BROWN, BERARDINI & DUNNING, P.C.** and pursuant to 11 U.S.C. 1125, hereby submits its objections to the adequacy of the Debtor's Disclosure Statement for Plan of Reorganization Proposed by Debtor Dated January 19, 2011. Initial page references below are to the page number of the Disclosure Statement to which the FDIC's comments are directed.

1. <u>Page 7, First Full Paragraph</u>. A clearer and more accurate explanation regarding the Wright Group's selection as the firm to supply the building and to be the general contractor on the project to erect the building is needed.

The text should be modified as follows:

"The Debtor, Ball Four, Inc., ("Ball Four") was searching for a party to supply the building to house its sporting events and to act as general contractor on the project. Ball Four, after consultation with FirsTier Bank, chose the Wright Group and entered into a contract with the Wright Group to supply the building and act as General Contractor."

The effect of the current disclosure is pertinent to information regarding claims against the estate, and the likelihood of success of Debtor's intended litigation with FirsTier Bank. The current disclosure suggests that the construction delays and other associated construction issues result solely from the actions of FirsTier Bank and that Debtor and its principals had no participation in the decision making process as to who would act as general contractor and the nature and extent of labor and materials it would provide to the project. It should be disclosed

that the Debtor's statements that the Wright Group was selected by FirsTier Bank is merely Debtor's view of how the Wright Group was selected as general contractor which is inconsistent with FirsTier Bank's information on this subject.

2. <u>Page 7, Second Full Paragraph.</u> A clear, more detailed explanation of Debtor's role in the payment of contractors and suppliers on the construction project is needed.

The text should be modified at least as follows:

"Contractors and suppliers were required to submit their invoices for payment for labor and materials to Larry Gentry, the principal for the Debtor, Ball Four, Inc. In turn, Mr. Gentry would prepare the written disbursement request to be submitted to FirsTier for payment, would approve the request by affixing his signature to the disbursement request and submit the disbursement request to the bank for payment. FirsTier Bank, in turn, would issue the checks for contractor and supplier payments and return them to Mr. Gentry for his delivery to the contractor or supplier. In this manner, Ball Four approved the payments to contractors and suppliers."

"On the few occasions where the Debtor requested that FirsTier Bank not pay a contractor or supplier, the Debtor did not follow a process, such as filing a bond to remove a filed lien or mediation to resolve a claim as discussed in the Loan Documents, for resolving its disputes with a contractor or supplier. This inaction lead to contractors filing a mechanics lien statement and a mechanics lien foreclosure lawsuit on FirsTier Bank's security interest, which lawsuit asserted lien priority over the first Deed of Trust of FirsTier Bank. FirsTier Bank to protect its security interest in the underlying property and as allowed by the FirsTier Deed of Trust, was forced to defend its lien position in the mechanics lien lawsuit and was required to advance funds to resolve the mechanics lien litigation and incurred attorney's fees."

The Debtor's nonpayment of contractors and its inaction to resolve those claims and failure to invoke a process to resolve those claims jeopardized FirsTier Bank's security interest.

The effect of the current disclosure is to suggest that the debtor, after requesting FirsTier Bank not to pay a contractor due to a dispute, had no responsibility to follow a process to resolve issues that occurred during construction, was totally innocent in the nonpayment to contractors and suppliers, and contrary to the FirsTier Bank loan documents had no responsibility to keep mechanic's liens from being recorded on FirsTier Bank's security interest. Such is germaine to the circumstances giving rise to Debtor's filing bankruptcy and the likelihood of success in its intended litigation with FirsTier Bank. The Debtor's actions or inactions in handling the construction defects that occurred and the lack of payment that gave rise to mechanics liens being filed on the underlying real property and litigation to foreclose said liens need to be adequately explained. In addition, the mechanics lien claimant Diamond Excavating asserted and through discovery proved that due to certain engineering work concerning the sports bubble at the property, performed prior to the recording of the FirsTier Bank Deed of Trust, that its lien was senior in lien priority to that of FirsTier Bank. The urgency of FirsTier Bank's need to

advance funds to resolve mechanics lien claims despite Debtor's inaction needs to be further explained. It should be disclosed that it is the Debtor's version of the facts that FirsTier Bank made payments to contractors over its direction that the contractors not be paid. It should be disclosed that although the debtor may have requested FirsTier Bank not to pay certain contractors, that Debtor's request while taking no steps to insure that mechanics liens would not be filed jeopardized FirsTier Bank's security interest in the Ball Four real property.

      3.    <u>Page 7, the Third Full Paragraph</u>. The facts surrounding the Debtor's default on the FirsTier Bank Note before permanent financing could be offered is required.

The text should be modified as follows:

"In late 2005 Ball Four received a $1,950,000.00 loan from FirsTier Bank with a maturity date of September 2, 2008. Before the Note's maturity, Ball Four defaulted on the Note when a Statement of Mechanics Lien was recorded on July 31, 2007 by Diamond Excavating for $173,427.82, which lien amount was later amended to $88,427.82 on November 29, 2007. The mechanics lien foreclosure action was filed on November 30, 2007, ten (10) months prior to maturity of the Note. As such, Ball Four was in default of the terms of the construction loan at that time by allowing mechanics liens to be recorded against the subject property. The litigation was eventually settled on January 14, 2010 when, at mediation, the lien claimant, FirsTier Bank and Ball Four signed a settlement agreement wherein the initial settlement proceeds were funded by FirsTier Bank, but added to the end of the loan. When it came time to pay its portion of the agreed settlement funds to the lien claimant, Ball Four defaulted on those payments. Again, to prevent the mechanics lien claimant from foreclosing FirsTier's security interest in the real property, the Ball Four portion of the settlement funds were advanced by FirsTier Bank. In addition, when Ball Four did not pay its real property taxes, FirsTier Bank advanced the necessary funds to pay the 2008 property taxes on one of the parcels concerned in this matter." Under these circumstances there was no commitment to convert the construction loan to permanent financing at the time of maturity of the initial Note.

The effect of the current disclosure is to suggest that the debtor was not in default of the construction loan and that FirsTier's actions were arbitrary in not following through with permanent financing. The Debtor's actions or inactions in handling the construction defects that occurred and the lack of payment that gave rise to mechanics liens being filed on the underlying real property and subsequent litigation to foreclose said liens need to be adequately explained as they are germaine to claims asserted against the estate, the likelihood of Debtors success in its intended litigation with FirsTier, and explain why Debtor needed to file bankruptcy. It should be disclosed that Debtor's claim to entitlement to permanent financing is based on its point of view and is inconsistent with FirsTier Bank's information on the subject.

      4.    <u>Page 8, the Third Full Paragraph</u>. The Debtor needs to disclose that it took no action to advise FirsTier Bank that its purported equity partner was ready willing and able to become an equity partner in Ball Four, Inc.

The effect of the current disclosure is to suggest that the debtor was not in default of the construction loan and that FirsTier's actions were arbitrary in not offering permanent financing. The Debtor's actions or inactions in following through with its equity partner need to be adequately explained as they are germaine to claims asserted against the estate and the likelihood of Debtors success in its intended litigation. It should be disclosed that Debtor's claim that FirsTier Bank took no action to allow its equity partner to cure the past due amounts owed to FirsTier Bank is based on Debtor's point of view and is inconsistent with FirsTier Bank's information on the subject.

5. <u>Page 9, the First Full Paragraph</u>. The debtor needs to disclose that based on current cash flow, that all creditors, both secured and unsecured will get paid One Hundred Cents on the Dollar for their claims.

WHEREFORE, the FDIC respectfully submits that the Debtor's proposed Disclosure Statement does not contain information adequate to meet the requirements of Section 1125 of the Bankruptcy Code, and accordingly should not be approved by this Court unless it is properly modified by the Debtor.

DATED this 15th day of March 2011.

                    Respectfully Submitted

                    BROWN, BERARDINI & DUNNING, P.C.

                    <u>s / Neal K. Dunning</u>
                    Douglas W. Brown, Reg. No. 10429
                    Neal K. Dunning, Reg. No. 10181
                    Brown, Berardini & Dunning, P.C.
                    2000 South Colorado Boulevard
                    Tower Two, Suite 700
                    Denver, Colorado 80222
                    Telephone: 303-329-3363

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of March 2011, I served a true and correct copy of **OBJECTIONS OF FEDERAL DEPOSIT INSURANCE COPR. As Receiver for FIRSTIER BANK TO THE ADEQUACY OF DEBTOR'S DISCLOSURE STATEMENT AND DEBTOTR'S PLAN OF REORGANIZATION DATED JANUARY 19, 2011** by placing same in a depository of the United States Mail, bearing proper postage, and duly addressed as follows and on the attached mailing matrix of all creditors:

Ball Four, Inc.
11338 W 74th Pl
Arvada, CO 80005-3520
*Debtor*

Jeffrey Weinman, Esq.
WEINMAN & ASSOCIATES, PC
730 17th Street
Suite 240
Denver, CO 80202

William A. Richey, Esq.
WEINMAN & ASSOCIATES, PC
730 17th Street
Suite 240
Denver, CO 80202
*Counsel for Debtor*

Alan K. Motes

United States Trustee Program
999 18th Street
Suite 1551
Denver, CO 80202

US Trustee
999 18th Street
Suite 1551
Denver, CO 80202

Patrick D. Vellone, Esq.
Allen & Vellone, P.C.
1600 Stout St. #1100
Denver, Co 80202

Rebecca Messall
Hackstaff Gessler, LLC
1601 Blake St., Ste 310
Denver, CO 80202

*And Attached Creditor Mailing Matrix*

                                          *s / Leah K. Hendricks*
                                          Leah K. Hendricks

```
Label Matrix for local noticing          Ball Four, Inc.                          Firstier Bank
1082-1                                   11338 W 74th Pl                          c/o Douglas W. Brown
Case 10-33952-EEB                        Arvada, CO 80005-3520                    2000 S. Colorado Blvd.
District of Colorado                                                              Tower II - Suite 700
Denver                                                                            Denver, CO 80222-7900
Tue Mar 15 16:28:14 MDT 2011

Weinman & Associates, P.C.               US Bankruptcy Court                      Systems & Services Technologies, Inc.
730 17th St Ste 240                      US Custom House                          4315 Pickett Road
Denver, CO 80202-3506                    721 19th St.                             St. Joseph, Mo 64503-1600
                                         Denver, CO 80202-2508


Adams County Treasurer                   Aegis Surveying                          Bank Of America
PO Box 869                               3395 Yates St                            PO Box 15184
Brighton, CO  80601-0869                 Denver, CO  80212-1805                   Wilmington, DE  19850-5184



California Bank & Trust                  City Of Golden                           Colorado Department Of Revenue
Special Assets Dept                      911 10th St                              1375 Sherman St.
21800 Burbank Blvd. Ste 160              Golden, CO  80401-1097                   Room 504
Woodland Hills, CA 91367-7401                                                     Attention Bankruptcy Unit
                                                                                  Denver CO 80261-0001


Colorado Dept Of Revenue                 Colorado Dept Of Revenue                 Colorado State Treasurer
Sales Tax Section                        State Withholding                        PO Box 956
Denver, CO  80261-0013                   Denver, CO  80261-0009                   Denver, CO  80201-0956



Douglas W. Brown, Esq.                   Eric Jonsen, Esq.                        Financial Pacific
Tower Two, Suite 700                     555 Eldorado Blvd Ste 200                3455 S 344th Way Ste 300
2000 S Colorado Blvd                     Broomfield, CO  80021-3420               Federal Way, WA  98001-9546
Denver, CO  80222-7900



FirsTier Bank                            Firstier Bank                            Firstier Bank
c/o Neal K. Dunning                      2921 W 120th Ave                         980 W Dillon Rd
2000 S Colorado Blvd, Tower 2, Ste 700   Westminster, CO  80234-2944              Louisville, CO  80027-2947
Denver, CO 80222-7900



Five Point Capital                       GE Money Bank                            GE Money Bank
10525 Vista Sorrento Pkwy Ste 300        c/o Recovery Management Systems Corp.    c/o Recovery Management Systems Corporat
San Diego, CA  92121-2748                25 S.E. 2nd Avenue, Suite 1120           25 SE 2nd Ave Suite 1120
                                         Miami, FL 33131-1605                     Miami FL 33131-1605



Gilbert R. Egle, Esq.                    Howard Buchalter, Esq.                   (p)INTERNAL REVENUE SERVICE
Preeo Silverman Green & Egle, P.C.       1660 Lincoln St Ste 2200                 CENTRALIZED INSOLVENCY OPERATIONS
1401 17th St Ste 800                     Denver, CO  80264-2202                   PO BOX 7346
Denver, CO  80202-1246                                                            PHILADELPHIA PA 19101-7346



Joel W. Kiesey, Esq.                     Kenton Kuhlman, Esq.                     Larry R. Gentry
Senn Visciano Canges Rosenstein P.C.     7851 S Elati St Ste 202                  11338 W 74th Pl
1801 California St Ste 4300              Littleton, CO  80120-8081                Arvada, CO  80005-3520
Denver, CO  80202-2643
```

| | | |
|---|---|---|
| Liberty Bell<br>PO Box 52672<br>Phoenix, AZ  85072-2672 | Majestic Awnings<br>C/O Mark A. Kirkorsky PC<br>PO Box 28287<br>Tempe, AZ  85285-8287 | Party Time Rental, Inc.<br>3175 S Platte River Dr<br>Englewood, CO  80110-2138 |
| Public Service Company of Colorado<br>dba Xcel Energy<br>1800 Larimer St. 14th FL.<br>Denver, CO 80202-1402 | S&B Portable Toilets<br>Dept 960<br>Denver, CO  80291-0960 | SST<br>4315 Pickett Rd<br>PO Box 3999<br>Saint Joseph, MO  64503-0999 |
| Sanders Douglas Associate<br>5 N Camino Seco Ste 101AX<br>Tucson, AZ  85710 | Securities and Exchange Commission<br>Midwest Regional Office<br>175 W. Jackson Blvd.<br>Ste. 900<br>Chicago IL 60604-2815 | Security & Exchange Commission<br>Central Regional Office<br>1801 California St.<br>Ste. 1500<br>Denver CO 80202-2656 |
| State Of Colorado<br>PO Box 956<br>Denver, CO  80201-0956 | Susan E. Gentry<br>11338 W 74th Pl<br>Arvada, CO  80005-3520 | US Trustee<br>999 18th St.<br>Ste. 1551<br>Denver, CO 80202-2415 |
| Verizon Wireless (VAW) LLC d/b/a Verizon<br>Wireless ATTN: Network Real Estate<br>180 Washington Valley Rd<br>Bedminster, NJ  07921-2120 | Waste Management<br>2400 W Union Ave<br>Englewood, CO  80110-5354 | Waste Management<br>2625 W. Grandview Rd. Ste. 150<br>Phoenix, AZ 85023-3113 |
| Wells Fargo Financial Leasing, Inc.<br>800 Walnut St Mac F4031-050<br>Des Moines, IA 50309-3891 | Wright Group Services<br>4800 Colorado Blvd<br>Denver, CO  80216-3114 | Xcel Energy<br>Pob 9477<br>Minneapolis, MN  55484-0001 |
| Douglas M Sinor<br>Trout, Raley, Montao, Witwer & Freeman<br>1120 Lincoln St.<br>Ste. 1600<br>Denver, CO 80203-2141 | Jeffrey Weinman<br>730 17th St.<br>Ste. 240<br>Denver, CO 80202-3506 | Matthew M. Wolf<br>1600 Stout St.<br>Ste. 1100<br>Denver, Co 80202-3160 |
| Neal K. Dunning<br>2000 S. Colorado Blvd.<br>Tower Two<br>Ste. 700<br>Denver, CO 80222-7900 | William A. Richey<br>730 17th St.<br>Ste. 240<br>Denver, CO 80202-3506 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| IRS<br>PO Box 21126<br>Philadelphia PA 19114 | (d)Internal Revenue Service<br>Ogden, UT  84201 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Allen & Vellone, P.C.

(u)Elite Tax Service

(u)Jehn Water Consultants

(u)Systems & Systems Technologies, Inc.

(u)Verizon Wireless

(d)Systems & Services Technologies, Inc.
4315 Pickett Road
St. Joseph, Mo 64503-1600

(d)Wells Fargo Financial Leasing, Inc.
800 Walnut Street
MAC F4031-050
Des Moines, IA 50309-3605

End of Label Matrix
Mailable recipients    52
Bypassed recipients     7
Total                  59